[873 NYS2d 85]

In the Matter of STEPHEN LAWRENCE BROTMANN, an Attorney, Resignor.

Second Department, January 20, 2009

**APPEARANCES OF COUNSEL**

*Deborah Scalise*, Scarsdale, for resignor.

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Stephen Lawrence Brotmann has submitted an affidavit dated September 18, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Brotmann was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on December 16, 1963.

Mr. Brotmann avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of its submission.

He is aware that he is currently the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct based upon complaints filed against him. The preliminary investigation by the Grievance Committee alleges violations of, inter alia, Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). Mr. Brotmann acknowledges that, based upon the scope of the aforementioned investigation, the Grievance Committee would likely move via order to show cause to authorize a disciplinary proceeding against him, pursuant to 22 NYCRR 691.4 (l) (1) (ii) and (iii).

Mr. Brotmann admits that if charges were to be predicated upon the aforesaid allegations, he would be unable to successfully defend himself against them. He submits that no client was harmed by his conduct and that all clients received all funds to which they were entitled.

To the extent that any funds being held by him in a fiduciary capacity for third parties may be unaccounted for, Mr. Brotmann is aware that in any order permitting him to resign, the Court could require, pursuant to Judiciary Law § 90 (6-a), that he make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection.

Mr. Brotmann is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Brotmann concludes by apologizing to the Court, his family, and his colleagues for any disrepute which his actions may have caused.

Inasmuch as the proffered resignation complies with all pertinent court rules, it is accepted and, effective immediately, Stephen Lawrence Brotmann is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and COVELLO, JJ., concur.

Ordered that the resignation of Stephen Lawrence Brotmann is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Lawrence Brotmann is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stephen Lawrence Brotmann shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Lawrence Brotmann is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Stephen Lawrence Brotmann has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).